**In re Anne M. HUDAK, Relator.**

**No. 05–08–01350–CV.**

Court of Appeals of Texas, Dallas.

Oct. 16, 2008.

---

See also 232 S.W.3d 930.

Kenneth W. Braxton, Linda Stimmel, Stewart & Stimmel, L.L.P., Brenda J. Damuth, Dallas, TX, for Relator.

Frederick H. Shiver, Russell & Shiver, L.L.P., John B. Kronenberger, Thomson, Coe, Cousins & Irons, LLP, Dallas, TX, for Real Party in Interest.

Before Justices WHITTINGTON, FITZGERALD, and LANG–MIERS.

## OPINION

Opinion By Justice WHITTINGTON.

In this original proceeding, relator Anne M. Hudak contends the trial judge abused his discretion in denying her motion for automatic stay. We deny the petition for writ of mandamus.

Plaintiffs filed their original petition against Hudak in March 2006, asserting a negligence cause of action against Hudak regarding health care rendered to Danny Campbell. Hudak filed her original answer in May 2006, including an affirmative defense under the Texas Tort Claims Act that Hudak, as an employee of a governmental unit, was entitled to the protection and provisions of section 101.106 of the civil practice and remedies code and requesting dismissal based on section 101.106(f). *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.106 (Vernon 2005).

In advance of the November 10, 2008 trial setting in this case, plaintiffs filed an amended petition on June 4, 2008. Hudak filed an answer to the amended petition. Hudak also filed a motion for summary judgment pursuant to section 101.106(f) asserting Hudak was a government employee in the course and scope of her duties and since plaintiffs could have filed suit against her employer, the trial court had a mandatory duty to dismiss Hudak from the suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f). The trial judge denied the motion for summary judgment, and Hudak filed an interlocutory appeal of the denial of the motion for summary judgment pursuant to section 51.014(a)(5) of the civil practice and remedies code. Section 51.014(a)(5) provides a person may appeal from an interlocutory order of a

district court denying a motion for summary judgment "based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state." TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(5) (Vernon 2008). That interlocutory appeal No. 05–08–01259–CV is currently pending in this Court.

Hudak then filed a motion to stay pursuant to section 51.014(b) of the civil practice and remedies code that was denied by the trial judge. Under section 51.014(b), an interlocutory appeal under section 51.014(a)(5) stays the commencement of a trial and all proceedings in the trial court pending resolution of the appeal. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(b) (Vernon 2008). Hudak brings this interlocutory appeal of the trial judge's order denying the motion to stay.[1]

A denial of a motion for summary judgment as described in section 51.014(a)(5) is not subject to the automatic stay under section 51.014(b) unless the motion is filed and requested for submission or hearing before the trial court not later than the 180th day after the date the defendant files:

(A) the original answer;

(B) the first other responsive pleading to the plaintiff's petition; or

(C) if the plaintiff files an amended pleading that alleges a new cause of action against the defendant and the

defendant is able to raise a defense to the new cause of action under Subsection (a)(5) ..., the responsive pleading that raises that defense.

TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(c)(2) (Vernon 2008).

■ Mandamus issues only when a trial judge clearly abuses his discretion and there is no adequate remedy at law. *In re CI Host, Inc.*, 92 S.W.3d 514, 516 (Tex. 2002) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). Thus, evaluation whether mandamus relief should be granted requires that we determine whether the trial judge has clearly abused his discretion and whether an adequate appellate remedy exists. *Walker*, 827 S.W.2d at 839.

■ Hudak relies on section 51.014(c)(2)(C) in asserting the trial judge erred in denying Hudak's motion to stay. Hudak acknowledges her motion for summary judgment was filed more than 180 days after she filed her original answer. However, Hudak asserts plaintiffs' amended petition outlined new statutory causes of action under the Texas Tort Claims Act against Hudak that allowed Hudak to raise an immunity defense. Plaintiffs' original and first amended petition asserted a negligence cause of action against Hudak. Plaintiffs did not assert a new cause of action against Hudak in their first amended petition, contrary to Hudak's claim. Further, Hudak raised the immunity de-

---

1. On September 13, 2006, Hudak filed a motion to dismiss pursuant to section 101.106, seeking dismissal from the lawsuit on the basis of the "Election of Remedies" section of the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(f). The trial judge denied the motion to dismiss, and Hudak filed an interlocutory appeal pursuant to Section 51.014(a)(5) of the civil practice and remedies code. This Court dismissed that interlocutory appeal No. 05–07–00017–CV for want of jurisdiction, because section 51.014(a) does not grant the right of interlocutory appeal following denial of a motion to dismiss pursuant to section 101.106(f) of the civil practice and remedies code. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(5).

fense in her answer to plaintiffs' original petition.

We conclude the trial judge did not clearly abuse his discretion in denying Hudak's motion to stay.

Based on the foregoing, we deny relator's petition for writ of mandamus.